This is an appeal pursuant to the Alabama Administrative Procedure Act.
After a hearing before a hearing officer of the Alabama Department of Public Health, the landowner's application for a permit to install a septic tank system on his property was denied. The landowner appealed the decision to the Circuit Court of Mobile County, which reversed the denial of the permit.
From the decision of the trial court, the Department appeals, contending that the trial court erred in reversing the decision of the Department and in finding that the Department's decision was "arbitrary." We agree with the Department and reverse.
The pertinent facts are that the landowner purchased two lots at Orange Beach, Alabama, in Baldwin County. The landowner submitted an application to the Baldwin County Health Department for a permit *Page 652 
to install a septic tank system on the lots.
The landowner received notice that his application had been denied because of "a) a high water table which is expected to rise above allowable limits; b) insufficient suitable area regarding fill and installation of a septic tank system; and c) proximity of site to a natural drainage area."
The landowner requested an administrative hearing to contest the decision of the Baldwin County Health Department. A hearing was held, in which several witnesses testified before a hearing officer of the Department of Public Health.
The primary question at the hearing was whether the landowner's property had sufficient distance from the surface of the lot downward to the ground water table. Health Department regulations specify that twenty-four inches from the surface down to the ground water table is necessary before a septic tank system can be installed.
The landowner presented evidence that the water table level was located at twenty-six to thirty inches below the surface. However, the Department presented evidence that the water table level was located between four to fourteen inches below the surface during some periods of the year.
Evidence was also presented that the proposed septic tank site was located too near a natural drainage area, in violation of another Department regulation.
The hearing officer found that the ground water table was located less than twenty-four inches below the surface and, therefore, recommended that the application for a permit be denied.
The landowner, in accordance with the Alabama Administrative Procedure Act, then filed a petition for judicial review before the trial court, citing several allegations, including fraud and misconduct.
The trial court granted the petition and heard additional testimony on the issues. The trial court found that the Department's action in denying the landowner's permit was "arbitrary," and it reversed the decision of the Department.
As stated, the Department appeals, contending that the trial court erred in reversing the decision of the Department and in finding that the agency's decision was "arbitrary." The Department also contends that the trial court erred in allowing additional oral testimony at the trial level.
We need not comment on the propriety of the oral testimony given at the trial level. We do note that, in any administrative appeal of this nature, additional evidence may only be introduced at the trial court level as to fraud, misconduct, or procedural irregularities. Ala. Code (1975), §41-22-20 (i). In this case, the trial court did not find it necessary to make a determination on these grounds.
On the issue of arbitrariness, the Alabama Administrative Procedure Act states, in part, that:
 "(k) The agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. . . . The court may reverse or modify the decision or grant other appropriate relief from the agency action, . . . if substantial rights of the petitioner have been prejudiced because the agency action is:
". . .
 "(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
Ala. Code (1975), § 41-22-20 (k).
This court has held that a decision cannot be said to be "arbitrary" where there is a reasonable justification for the decision or where the determination is founded upon adequate principles or fixed standards. Sexton v. Tuscaloosa CountyCivil Service Board, 426 So.2d 432 (Ala.Civ.App. 1983).
In addition, we find it appropriate to state, as we have stated before, that judicial *Page 653 
deference to an administrative agency tends to insure uniformity and consistency of decisions in light of the agency's specialized competence in the field of operation entrusted to it by the legislature. Because of the specialized competency and the uniformity of decisions, a court frustrates legislative intent and usurps the discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary. Ex parte Personnel Board,440 So.2d 1106 (Ala.Civ.App. 1983).
Our review of the record reveals that, although there was conflicting testimony, there was ample evidence to find that the landowner's lots did not meet the specifications relating to the twenty-four inch ground water requirement. Hence, it cannot be said that the administrative agency's action was arbitrary.
When there is a conflict in the testimony, it is the duty of the trier of fact, in this instance, the administrative hearing officer, to resolve that conflict. Hover v. Whitaker-WarrenAgency, 56 Ala. App. 255, 321 So.2d 213 (Ala.Civ.App. 1975). This was done in favor of the agency.
In an administrative appeal case of this nature, when there is ample evidence to support the decision of the administrative agency, it is not the duty of the trial court to substitute its judgment for that of the administrative agency. Ala. Code (1975), § 41-22-20 (k); Roberts v. State Oil and Gas Board,441 So.2d 909 (Ala.Civ.App. 1983).
Put another way, in this instance, since the agency action is amply supported by competent evidence, it cannot be "arbitrary," and, therefore, the trial court's action in reversing can only be that the trial court substituted its judgment for that of the agency.
This case is due to be reversed and remanded for proceedings and/or entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.