This is an appeal from a determination of noneligibility for Medicaid benefits.
Following an administrative hearing, the Alabama Medicaid Agency (Agency) determined that the Medicaid applicant was not eligible for benefits. The applicant sought judicial review of that adverse decision in the Circuit Court of Etowah County under Ala. Code (1975), § 41-22-20, which is part of the Alabama Administrative Procedure Act. The circuit court affirmed the determination by the Agency that the applicant was ineligible.
The applicant appeals to this court. We affirm.
Under the Administrative Procedure Act, the final decision of the Agency is taken as "prima facie just and reasonable." Ala. Code (1975), § 41-22-20(k). In other words, the Agency's determination of noneligibility must be reviewed with a presumption of correctness. See Benton v. Alabama Board ofMedical Examiners, 467 So.2d 234 (Ala. 1985).
The Agency determined that the applicant was ineligible for Medicaid benefits under Rule 560-X-25-.09 of the Agency's Administrative Code. Under this rule, an individual is ineligible for Medicaid for a period of twenty-four months, if he or she transfers resources, or any interest therein, for purposes of establishing his or her Medicaid eligibility.
Paragraph (2) of Rule 560-X-25-.09 provides that any transfers of resources for less than fair market value ispresumed to be for the purpose of establishing Medicaid eligibility when the transfer occurs within twenty-four months of the applicant's filing an application for benefits, and when the applicant would have had resources in excess of the Medicaid eligibility limit but for the transfer or the failure to receive fair market value consideration for the transferred resource.
In the present case it is undisputed that the applicant transferred property she owned within the twenty-four month period preceding her application for Medicaid.
On March 22, 1984, the applicant deeded her home, which the Agency determined had a value of $19,900, to her son. Approximately six months later, in August 1984, she entered a nursing home and applied for Medicaid benefits.
The Agency applied Rule 560-X-25.09(2) and presumed that the transfer of the applicant's home was made for eligibility purposes because she did not receive fair market value for the home and because, had she not transferred title to the home to her son, she would have had resources in excess of Medicaid eligibility limits.
Once the presumption of Rule 560-X-25-.09(2) arises, paragraph (3) of the rule places the burden upon the applicant to rebut it. The applicant contends on appeal that the Agency's final determination that *Page 244 
she is not eligible for Medicaid is incorrect because she presented evidence which rebutted the presumption that she transferred her home to establish Medicaid eligibility.
We reluctantly disagree. The burden placed upon the applicant by Rule 560-X-25-.09(3) is quite a heavy one. To rebut the presumption that she transferred her home to establish eligibility, the applicant "must furnish convincing evidence that the transfer was exclusively for some other purpose." Rule560-X-25-.09(3) (emphasis supplied). We note that the applicant has not challenged the rule itself or the burden of proof it places upon her.
The applicant contends that she transferred her home to her son because of an agreement she had with him whereby, in exchange for transferring the property to him, he promised to build a new house in which he, his wife and the applicant would reside. At the administrative hearing the applicant presented evidence, primarily the testimony of the son, to support her contention and rebut the presumption imposed by Rule560-X-25-.09(2).
The applicant's son testified that he was the applicant's only child and that "[s]he just turned the property over to me to handle the property." He stated that he intended to sell his mother's property and to build a new house, apparently using the proceeds from the sale. The new house was to have complete living quarters for the applicant on the lower level. The apparent intent of this plan was to provide a place for the applicant to reside near her son and daughter-in-law so they could assist her as needed.
The son's promise or agreement with the applicant was, however, never executed. The son testified that he was unable to sell the property after attempting to do so for six months. Moreover, the applicant's health deteriorated rapidly, and the son determined that "we couldn't handle her and she couldn't handle herself." He then placed her in a nursing home.
It is our opinion that based upon this evidence the Agencycould have determined that the applicant had rebutted the presumption that the transfer of the applicant's property was made for Medicaid eligibility purposes. Such, however, was not the Agency's conclusion, and, though this court might disagree, we will not substitute our judgment for that of the Agency as to the weight of the evidence. See Ala. Code (1975), §41-22-20(k).
Under the appropriate standard of review, we cannot say that the Agency erred in determining that the applicant had not rebutted the presumption and that she was therefore ineligible for Medicaid. As already stated, Rule 560-X-25-.09(3) requires the applicant to prove by convincing evidence that the transfer was exclusively for a purpose other than establishing Medicaid eligibility.
The evidence before the Agency indicated that, before the applicant deeded the property to her son, her health had begun to decline considerably. The son testified that his mother began "falling down" in February 1984, approximately a month prior to the transfer. The daughter-in-law testified, however, that she had noticed that something was wrong with the applicant in December 1983. She stated, "I didn't think her thinking was exactly right."
Soon after the transfer of the property, the applicant was hospitalized, for tests, but suffered septic shock while in the hospital. Thereafter, the son and daughter-in-law attempted to care for her in their home but apparently were able to do so for only five to six weeks before realizing that they "couldn't handle her."
Based upon the evidence, the Agency could reasonably have concluded that, at the date of the transfer of the property, the applicant and her son realized that, because her health was rapidly declining, she might need nursing home care in the near future and would require Medicaid benefits to pay for that care, since the son, as he testified, was "broke." In other words, the Agency could reasonably have concluded that the applicant had not proven by convincing evidence that she transferred her property to her son exclusively for a purpose other *Page 245 
than establishing her eligibility for Medicaid benefits.
In view of the above, the applicant's other contentions need not be addressed.
This case is due to be, and it is, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.