529 So.2d 1012 (1988)
JaNay DAWSON
v.
ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT.
Civ. 6112.
Court of Civil Appeals of Alabama.
February 19, 1988.
Rehearing Denied March 23, 1988.
Chase R. Laurendine, Mobile, for appellant.
Olivia Hardy Hudgins, Asst. Atty. Gen., for Alabama Dept. of Environmental Management.
*1013 Joseph P. Jones, Jr., and Michael A. Youngpeter of Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, Mobile, for appellee Alabama Environmental Management Com'n.
HOLMES, Judge.
This appeal concerns the issuance of a sewage discharge permit by the Alabama Department of Environmental Management (ADEM).
The plaintiff objected to ADEM's issuance of a permit to Longcrier Builders and Development, Inc. which allowed it to discharge 80,000 gallons per day of treated sewage into Boggy Branch, a stream located in south Baldwin County. She appealed the issuance of the permit to the Alabama Environmental Management Commission (Commission) pursuant to Ala.Code (1975), § 22-22A-7(c) (1984 Repl.Vol).
Following an administrative hearing, the Commission approved ADEM's issuance of the permit, apparently agreeing with the extensive written decision of the hearing officer who had presided at the hearing that ADEM had acted correctly in issuing the permit. The plaintiff appealed the Commission's decision to the Baldwin County Circuit Court pursuant to Ala. Code (1975), § 22-22A-7(c)(6). The circuit court affirmed ADEM's issuance of the permit.
The plaintiff appeals to this court. We affirm.
The plaintiff raises several contentions on appeal in support of her argument that the ADEM permit was improperly issued. Certain of these contentions, however, do not appear from the record to have been raised in the circuit court.
Judicial review of this matter in the circuit court was governed by Ala.Code (1975), § 41-22-20 (1982 Repl.Vol.), which is part of the Alabama Administrative Procedure Act. The plaintiff's contentions, particularly those regarding alleged violations of constitutional rights, would have been proper subjects for judicial review of the Commission's decision under § 41-22-20(k). Where the record does not reflect, however, that the plaintiff raised those contentions in the circuit court, this court will not consider them for the first time on appeal. See Matter of Stacks, 406 So.2d 979 (Ala.Civ.App.1981); Phillips v. Alabama Department of Pensions & Security, 394 So.2d 51 (Ala.Civ.App.1981).
Accordingly, the issue now before this court is that which was apparently before the circuit courtwhether the Commission's decision which approved ADEM's issuance of the sewage discharge permit was clearly erroneous because it was not supported by substantial evidence or whether it was arbitrary, capricious, and unreasonable. See Ala.Code (1975), § 41-22-20(k)(6) and (7).
In addressing this issue, or issues, we are governed by the rules for judicial review set forth in Ala.Code (1975), § 41-22-20(k), as noted above. Under this statute the applicable standard of review is rather limited. See Alabama Medicaid Agency v. Norred, 497 So.2d 176 (Ala.Civ. App.1986); Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400 (Ala.Civ.App.1985).
Section 41-22-20(k) requires that the Commission's decision be taken as prima facie just and reasonable. In other words, the reviewing court must give the Commission's decision a presumption of correctness. Wood v. Baggiano, 509 So.2d 242 (Ala.Civ.App.1986), writ quashed, 509 So.2d 245 (Ala.1987); Norred, 497 So.2d 176. It may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. See Wood, 509 So.2d 242; Alabama Department of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985).
Our review of the record does not indicate that the circuit court erred under the standard of review set forth in Ala.Code (1975), § 41-22-20(k), in affirming the Commission's determination that ADEM had correctly issued the sewage discharge permit.
The record reflects that the Commission's decision is supported by substantial evidence and, therefore, cannot be characterized as clearly erroneous. The voluminous record contains the testimony of *1014 several witnesses who appeared on behalf of ADEM and the permittee during the administrative proceedings. Some of the witnesses were engineers who appeared to have quite a bit of expertise in the area of water quality modeling, a technique used to determine whether sewage discharges violate water quality standards.
Evidence presented during the administrative proceedings indicated that ADEM had used a method of water quality modeling that had been approved by the Environmental Protection Agency (EPA) to determine effluent limitations for the subject permit and that this method, referred to as the "desktop model," indicated that the sewage discharged under the permit would not violate water quality standards.
There was further evidence that, in applying the desktop model in this instance, ADEM had used more stringent effluent limitations, or parameters, than those required by the EPA and that ADEM had also built certain safety factors into the model.
The plaintiff disputes the accuracy of the water modeling method used by ADEM and directs this court's attention to testimony or other evidence which supports her claim of weaknesses in the desktop model used by ADEM.
It was the duty of the trier of factin this instance, the hearing officerto weigh and resolve such conflicting evidence. See Perkins, 469 So.2d 651. This court cannot substitute its judgment for that of the Commission, which obviously approved the hearing officer's decision, as to the weight of evidence on questions of fact. Ala.Code (1975), § 41-22-20(k). See Wood, 509 So. 2d 242; Perkins, 469 So.2d 651. Rather, it is this court's duty to determine if the Commission's decision is supported by substantial evidence. As the above indicates, the decision clearly was so supported.
Our determination that the Commission's decision is supported by substantial evidence is also pertinent to the plaintiff's contention that the Commission's decision is arbitrary, capricious, and unreasonable. This court has held that a decision by the Commission was not arbitrary, capricious, or unreasonable where it was supported by substantial evidence. Save Our Dunes v. Alabama Department of Environmental Management, 473 So.2d 521 (Ala.Civ.App. 1985).
In addition, this court has held that an agency's decision cannot be characterized as arbitrary and capricious where there is a reasonable justification for the decision or where the decision is founded upon adequate principles or fixed standards. Perkins, 469 So.2d 651; Sexton v. Tuscaloosa County Civil Service Board, 426 So.2d 432 (Ala.Civ.App.1983).
We think the evidence in the record supports the conclusion that ADEM's issuance of the permit and the Commission's approval of such issuance were based upon adequate principles and fixed standards. There was evidence not only that the desktop model used by ADEM in this instance had EPA approval, but also that this method of water quality modeling is widely used throughout the south and southeastern United States to determine whether sewage discharges will violate water quality standards or effluent limitations.
Clearly, under such circumstances, the Commission's decision cannot be characterized as arbitrary, capricious, or unreasonable.
The plaintiff particularly contends, however, that the Commission's decision was arbitrary and capricious because, in approving ADEM's issuance of the sewage discharge permit, the Commission failed to apply ADEM's "antidegradation policy." The plaintiff contends that this policy prohibits the issuance of the subject permit.
This argument is basically a dispute with ADEM and the Commission as to the interpretation of the antidegradation policy, which is, in reality, a regulation contained in ADEM's administrative code. See ADEM Administrative Code, Rule 6-10-3. It is well settled that a court should give substantial deference to an agency's interpretation of its own rules and regulations. See Personnel Board v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985).
*1015 The plaintiff has presented nothing which would indicate that ADEM's (and the Commission's) interpretation of the antidegradation policy as not prohibiting the issuance of the permit in this case is incorrect. In fact, it appears to this court that the Commission's interpretation that the policy allows degradation of waters within a classification, but not degradation from a higher to a lower classification without a showing of necessity, is a highly reasonable and logical construction of the policy.
In conclusion, we wish to emphasize that this case presents factual questions arising in a very specialized and complicated fieldone which the legislature has entrusted to the expertise of ADEM.
Under such circumstances, we find the following language from our opinion in the Perkins case, 469 So.2d 651, to be particularly appropriate:
"[J]udicial deference to an administrative agency tends to insure uniformity and consistency of decisions in light of the agency's specialized competence in the field of operation entrusted to it by the legislature. Because of the specialized competency and the uniformity of decisions, a court frustrates legislative intent and usurps the discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary. Ex parte Personnel Board, 440 So.2d 1106 (Ala.Civ.App.1983)."
Perkins, 469 So.2d at 652-53.
We find no error by the circuit court in affirming the Commission's decision to approve the issuance of the permit by ADEM.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
On application for rehearing the plaintiff contends that this court applied an incorrect standard of review to her case. The plaintiff relies on Ala.Code (1975), § 41-22-27(f) (1982 Repl.Vol.), to support her contention that judicial review under the Alabama Administrative Procedure Act, specifically § 41-22-20, does not apply. We disagree.
This matter was initiated by the plaintiff prior to October 1, 1986, the effective date of § 41-22-27(f). Therefore, its provision exempting judicial review of Commission decisions arising under Ala.Code (1975), § 22-22A-7(c)(6) (1984 Repl.Vol.), from the application of § 41-22-20 would not apply in this case.
We note, however, that, were § 41-22-27(f) to be applicable in this case, judicial review would be that obtained under certiorari, which is essentially the same as the standard of review provided for by § 41-22-20. See Thompson v. Alabama Department of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and INGRAM, J., concur.