EDWARD N. SCRUGGS, Retired Circuit Judge.
The Medicaid Commissioner determined that the applicant was not eligible for benefits under Rule 560-X-25-.09 of the Alabama Medicaid Agency (Agency). The applicant appealed to the circuit court wherein the applicant was declared to be entitled to receive those benefits. The Agency appealed. Reluctantly, we reverse.
It is provided by Rule 560-X-25-.09 that the transfer of an applicant’s resource for less than its fair market value is presumed to be for the purpose of establishing Medicaid eligibility when the transfer is made within twenty-four months of the filing of an application for Medicaid benefits and when the applicant would have had assets in excess of the Medicaid eligibility limit except for the transfer or for the failure to receive fair market consideration for the transferred resource. Evidently, the applicable limit in this case was $1,700. To rebut that presumption, the applicant has the heavy burden of presenting convincing evidence that the transfer was made exclusively for some purpose other than establishing Medicaid eligibility. Medicaid Agency Rule 560-X-25-.09(4)(b)(3).
The circuit court’s standard for the review of administrative agency orders is limited since “the agency order shall be taken *1245 as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact....” § 41-22-20(k), Code 1975 (1987 Cum.Supp.).
It is not essential that we set forth the facts. It is sufficient to note that the applicant was entitled to recover the benefits under certain tendencies of the evidence and that, according to other portions of the evidence, the Agency could have concluded that this applicant had not proven by convincing evidence that she transferred her home (without consideration one month before she filed her application) to her son exclusively for a purpose other than establishing her eligibility for Medicaid benefits. The Agency decided against the applicant; consequently, we must reverse and remand the judgment of the learned circuit court since the law fully applies as it was set forth in Wood v. Baggiano, 509 So.2d 242 (Ala.Civ.App.1986), cert. denied, 509 So.2d 245 (Ala.1987). While we disagree with the Agency’s holding in this case, we cannot substitute our judgment for that of the Agency as to the weight of the evidence. Wood, supra; § 41-22-20(k), Code 1975 (1987 Cum.Supp.).
For the foregoing reasons, we have no alternative but to reverse and remand this case.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.
BRADLEY, P.J., concurs in the result.