This case involves the granting of a native farm winery license by the Alabama Alcoholic Beverage Control Board to Peacock Valley Winery, Inc.
In September 1987, Peacock Valley Winery, Inc. (Peacock), applied to the Alabama Alcoholic Beverage Control Board (ABC) for a native farm winery license. The appellants, Myrtle E. Gillespie and Marion Ray Gillespie, own a vineyard adjacent to Peacock, and the appellants, James C. Eddins and Marianne R. Eddins, lease the Gillespies' vineyard and already possess a native farm winery license. They protested the issuance of the license and were allowed to present opposition at a hearing before the ABC Board. The license was issued on January 28, 1988.
Appellants then filed a complaint for judicial review pursuant to § 41-22-20, Code 1975. After reviewing the answers and briefs, the trial court remanded the case to the ABC Board for a further evidentiary hearing. A second ABC hearing again resulted in the issuance of the license, and the trial court held that issuance to be reasonable.
On appeal to this court, the appellants argue that the license should not have been issued because, they say, Peacock failed to comply with the statutory requirements to obtain the license. Specifically, they contend that the Peacock property cannot bear enough fruit to yield 75% of the wine produced in the winery.
Review of the decision of the ABC Board to grant the license, which was determined reasonable by the trial court, is extremely limited on appeal. Dawson v. Alabama Dept. ofEnvironmental Management, 529 So.2d 1012 (Ala.Civ.App.), writdenied, 529 So.2d 1015 (Ala. 1988). Moreover, a presumption of correctness attaches to the decision of an administrative agency due to its recognized expertise in a specific, specialized area. Dawson. This court has held
 "that judicial deference to an administrative agency tends to insure uniformity and consistency of decisions in light of the agency's specialized competence in the field of operation entrusted to it by the legislature. Because of the specialized competency and the uniformity of decisions, a court frustrates legislative intent and usurps the discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary."
Alabama Department of Public Health v. Perkins, 469 So.2d 651,653 (Ala.Civ.App. 1985).
The definition of a native farm winery found in § 28-6-1(1), Code 1975, is as follows: *Page 495 
 "A winery where the annual production does not exceed 100,000 gallons, and 75 percent or more of the berries, fruit, produce or honey used in the manufacture of such wine is grown and produced in Alabama by the native farm winery permit holder upon land owned or leased by the permit holder in the vicinity of his farm winery."
A second, less restrictive, type of license to operate a winery is the manufacturer's license provided by §28-3A-21(a)(1), Code 1975. This license does not limit the production of wine to a percentage of native farm products, nor does it limit the annual production of wine to a certain amount. As such, this type of license is more costly and is not given the tax benefits afforded to farmers by the native farm winery license provisions.
The appellants argue that Peacock cannot meet the requirements for the native farm winery license, and that if Peacock is to be issued a winery license at all, it should be a manufacturer's license. They contend that Peacock's property cannot possibly produce enough fruit to manufacture 80,000 gallons of wine, the production capacity for which the license was applied. Expert testimony offered by the appellants indicated that at best, Peacock could produce enough fruit on this property to manufacture approximately 2,000 gallons of wine.
We can find nothing in the record to indicate that Peacock intended to operate at full capacity; nor can we find a statutory requirement setting a minimum production to qualify for a farm winery license. The statute sets a ceiling production of 100,000 gallons but is silent regarding a minimum gallon requirement. There was testimony to indicate that Peacock desired to work with the wine stored in the winery, which was obtained by Peacock in the purchase of the winery. Additionally, there was evidence showing that Peacock would work with the fruits yielded by its property surrounding the winery and would purchase grapes or fruit from nearby farms if possible. We can find nothing in the record to show how many gallons of wine Peacock intended to manufacture. However, there is ample testimony in the record to establish that Peacock intends full compliance with the Alabama farm winery laws regarding the operation of a farm winery if allowed to operate the winery as such.
Our review of the record reveals that the decision of the agency to issue the license was not unreasonable or arbitrary and was strongly supported by the evidence. For a trial court to alter that administrative decision without supporting evidence would deprive the ABC Board of the very functions delegated to it by the legislature and allow that court to substitute its own judgment for that of the agency. That is not allowed. Perkins. Accordingly, the trial court's judgment, which upheld the decision of the agency, is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.