ON APPLICATION FOR REHEARING
RUSSELL, Judge.
On application for rehearing Fisher contends that this court applied the wrong *913 standard for review, wherein we quoted from Thompson v. Alabama Department of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985), and used the term “any evidence.” Fisher cites Ex parte Fowl River Protective Ass’n, Inc., 572 So.2d 446 (Ala.1990), and Dawson v. Alabama Department of Environmental Management, 529 So.2d 1012 (Ala.Civ.App.1988), wherein the standard of review applied to decisions of the Commission was whether there was support by substantial evidence or whether the decision was arbitrary, capricious, and unreasonable. We address this point only for clarification of the current standard of review for decisions of the Commission.
As stated in our original opinion, the Commission’s decision is exempt from the application of § 41-22-20, Ala.Code 1975 (Alabama Administrative Procedure Act (AAPA)), which provides standards for judicial review. Instead, judicial review will be in accordance with § 22-22A-7(c)(6).
Both Dawson and Ex parte Fowl River were initiated prior to the enactment of § 41 — 22—27(f), the section which exempts the Commission from judicial review under the AAPA; therefore, the AAPA was still applicable in those cases. The present case was initiated after the enactment of § 41-22-27(f); therefore, the standard enunciated in Thompson v. Alabama Department of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985), applies. See Dawson, 529 So.2d 1012.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and THIGPEN, J., concur.