603 So.2d 1107 (1992)
STARLITE LOUNGE, INC. d/b/a Starlite Club
v.
ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD.
2910284.
Court of Civil Appeals of Alabama.
August 21, 1992.
*1108 Keith Ausborn, Montgomery, for appellant.
A. James Carson of Bachus, Dempsey, Carson & Steed, P.C., Birmingham, for appellee.
ROBERTSON, Presiding Judge.
This is an appeal from the dismissal of a petition for judicial review of an administrative agency's decision denying the renewal of a liquor license.
On July 31, 1991, Starlite Lounge, Inc., d/b/a Starlite Club (Starlite), received notice of protests filed with the Alabama Alcoholic Beverage Control Board (ABC Board) by local residents. A hearing before the ABC Board was set for August 15, 1991. On August 23, 1991, the ABC Board sent notice of its decision denying the renewal of the liquor license. On September 20, 1991, Starlite filed an appeal in the Circuit Court of Lowndes County, Alabama. On September 28, 1991, Starlite filed a petition for stay in order to be permitted to continue their business operations pending a decision in the case. The ABC Board, on November 7, 1991, filed a petition to remove the stay and also filed a motion to dismiss pursuant to § 41-22-20(d), Code 1975, which states that "[t]he petition for judicial review in the circuit court shall be filed within thirty days after the filing of the notice of appeal or review." Starlite filed an answer to the motion to dismiss, arguing that the statute affords an additional 30 days for good cause.
Starlite eventually filed a petition for judicial review on November 19, 1991, and requested a temporary injunction preventing a suspension of Starlite's license; it also requested that the ABC Board furnish complete transcripts to Starlite; that the decision of the ABC Board be reversed; and that a reinstatement of Starlite's license be issued.
On December 27, 1991, the circuit court entered an order granting the ABC Board's motion to dismiss. The trial court's order read:
"[Starlite's] right to judicial review of the ABC Board's decision is governed by the Alabama Administrative Procedure Act, § 41-22-1 through § 41-22-27, Code 1975. The court must begin with the presumption that the ABC Board's decision is just and reasonable. § 41-22-20(k), Code 1975. Judicial review, as provided by § 41-22-20(i), Code 1975, is limited to the record of the hearing before the ABC Board, except as to matters relating to fraud or misconduct, which are not alleged in this case.
"The court may reverse or modify decisions from agencies such as the ABC Board under the standards set forth in the appeal statutes applicable to the agency, or if no such statutory standards for judicial review are applicable, then this court is to apply the standards set forth in § 41-22-20(k), Code 1975.
"....
"This court recognizes the discretion of the ABC Board as broad. Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059, 1060 (Ala.Civ.App.1977).
"The ABC Board also has the authority to determine the weight and credibility of the evidence before it; therefore, this court will not substitute its judgment for [that of] the ABC Board. Mims v. Russell Petroleum Corporation, 473 So.2d 507, 509 (Ala.Civ.App.1985)."
The trial court correctly determined that judicial review of this matter in the circuit court was governed by § 41-22-20, Code 1975. Dawson v. Department of Environmental Management, 529 So.2d 1012, 1013 (Ala.Civ.App.), cert. denied, 529 So.2d 1015 (Ala.1988). Section 41-22-20(k) provides that:

*1109 "the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute."
In other words, the circuit court must give the ABC Board's decision a presumption of correctness. Dawson. The circuit court may not substitute its judgment as to the weight of the evidence on questions of fact for that of the ABC Board. Dawson.
The transcripts of the initial proceedings before the ABC Board were not made a part of the record on appeal before this court. The record does reflect, however, that the trial court reviewed the transcripts of the initial proceeding before the ABC Board in reaching its decision.
This court is also governed by the rules for judicial review set forth in § 41-22-20(k). Dawson. Without being able to review the transcripts of the proceeding before the ABC Board, which the trial court considered in reaching its decision, this court must presume that those transcripts were sufficient to support the trial court's judgment in affirming the ABC Board's decision. See Averett v. Averett, 575 So.2d 598 (Ala.Civ.App.1991). Consequently, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.