YATES, Judge.
This appeal concerns certain statutes and regulations governing the licensing of persons to practice psychology in the State of Alabama. The appellants are six individuals whose applications to be licensed as psychologists in this state have been denied. The Alabama Board of Examiners in Psychology (Board), following an administrative hearing, found that the appellants could not sit for the psychology examination, the passing of which is a prerequisite for obtaining a license to practice as a psychologist in this state. The appellants sought judicial review of the Board’s decision in the Circuit Court of Montgomery County, pursuant to Ala.Code 1975, § 41-22-20. The circuit court affirmed the decision of the Board; hence, this appeal.
The material facts are not in dispute. The appellants all graduated from Forest Institute of Professional Psychology (Forest). Forest was established in Huntsville, Alabama, in 1989. The school was not accredited by the American Psychological Association (APA), however, it was accredited by the North Central Association of Colleges and Schools (NCA), a member of the Council on Post-Secondary Accreditation (COPA). Forest located in Huntsville following the closing of The American Institute of Psychotherapy (AIP). Forest purchased AIP’s library, furnishings, and electronic equipment, and moved into the building previously occupied by AIP. Forest also inherited a majority of AIP’s students, which included the appellants. AIP was not accredited by the APA, nor by any member of COPA.
Forest normally required a student to complete 142 credit hours of study, over four years, to qualify for a Doctor of Psychology (Psy.D.) degree. When the appellants enrolled at Forest, the school had a written policy that it would grant a maximum of 36 hours of transfer credit to any student enrolled in its Psy.D. program. However, Forest deviated from that policy by allowing the appellants to transfer 125 credit hours obtained at AIP. Thus, after completing one year of study at Forest, the appellants were awarded a Psy.D.
Upon its application of the law to the facts, the circuit court affirmed the decision of the Board. We agree with the well-reasoned order of the circuit court, and we adopt the following language as our own:
“The issue in this case is whether the statutes and the administrative codes of the Board of Examiners in Psychology grant to the Board the discretion to go *499 beyond the facially valid Doctor of Psychology degree granted by an institution (Forest) accredited by a recognized accrediting agency (NCA).
“The [appellants] emphasize the following language from the Board’s enabling act:
“ ‘Any person wishing to obtain the right to practice as a psychologist in this state ... shall .;. furnish the board with satisfactory evidence that ... he has received a doctorate degree from a department of, or school of, psychology, from an educational institution accredited and recognized by national and regional accrediting agencies as maintaining satisfactory standards.... ’ § 34-26^41(a)(3), Code of Alabama, (1975).
“The cojurt notes, however, that the enabling act expressly authorizes the ‘board ... to promulgate and adopt such rules and regulations as are necessary to implement the requirements of this chapter; _’ § 34-26-22(c). Pursuant to this rule-making power, the Board has adopted 'an administrative code which goes into some detail about the academic qualifications of a candidate for a license to practice psychology upon the public.
“Rule 750-X-2.04(3) of the Board’s administrative code provides for the licensing of graduates from schools not accredited by the APA (like Forest). That rule reads, in pertinent part as follows:
“ ‘(3) Departments or schools which do not meet requirements of (2) above (APA accreditation) ... will be recognized as meeting the Board’s definition of a department or school of psychology if they meet the following organizational and curriculum criteria:
“(a) Organizational Requirements.
“(1) Training in psychology must be doctoral training offered in an institution of education accredited by the Council on Post-Secondary Accreditation (COPA),
“(b) Curriculum Requirements.
“The curriculum shall encompass a minimum of three academic years (nine months each) of full-time graduate study....’
“The Board and [appellants] agree that each [appellant] has three or more years of ‘full time graduate study,’ but each [appellant] has only one year of full time graduate study at an institution accredited by COPA, i.e. at Forest. The [appellants] argue that the Board has exceeded its authority by refusing to ‘piggy-back’ the three years from unaccredited AIP onto the one-year at Forest, which is accredited by NCA, a member of COPA. The Court, however, finds that the above rule logically requires at least three academic years of study at a COPA accredited program.
“The rulings of a state administrative agency or licensing board must be reviewed with a presumption of correctness. Benton v. Ala. Bd. of Medical Examiners, 467 So.2d 234 (Ala.1985). The presumption is particularly important where the subject matter is peculiar to the field of competence which has been entrusted to the agency by the Alabama legislature. Alabama Dept of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985).
' “As discussed above, the rule at issue in this case is Rule 750-X-2.04(3). The Board has decided that the rule ‘contemplates and requires three academic years of full-time graduate study in a doctoral program ... accredited by a member of the Council on Post-Secondary Accreditation.’ The [appellants] would have this Court interpret the rule to require three years of study at any institution coupled with a degree from an accredited institution.
“An agency’s interpretation of its own regulation must stand if it is reasonable, Ferlisi v. Ala. Medicaid Agency, 481 So.2d 400.(Ala.Civ.App.1985), and the Court finds that the Board’s interpretation is indeed reasonable. Moreover, this Court finds that the Board was not, as [áppellants] argue, in excess of its statutory authority in interpreting the regulation.
“It is therefore ORDERED, ADJUDGED and DECREED that the decision of the Board of Examiners in Psychology is due to be and is hereby AFFIRMED.
*500 “DONE, this 2nd day of December, 1992.
“s/Joseph D. Phelps, Circuit Judge”
The judgment of the circuit court is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.