DONALDSON, Judge.
The Alabama Medicaid Agency (“the Agency”) appeals from a judgment of the Montgomery Circuit Court (“the circuit court”) overturning the Agency’s decision to deny Denise Ann Hardy’s application for Medicaid benefits to cover her nursing-home expenses. We reverse the circuit court’s judgment.

Facts and Procedural History

Hardy was admitted to a nursing home in December 2012. In March 2013, James H. Hardy, Hardy’s brother, filed an application with the Agency on behalf of Hardy seeking to have the Agency pay for Hardy’s nursing-home care. To determine Hardy’s eligibility for Medicaid benefits, the Agency calculated Hardy’s income and resources. The Agency determined that Hardy had inherited a one-half interest in a house from her father and that her interest in the house had been placed in “The Denise Ann Hardy Irrevocable Trust” (“the trust”). Hardy is the settlor and the beneficiary of the trust, and the corpus of the trust consists of the one-half interest in the house. The trust instrument provides, in pertinent part, as follows:
“A. During my life the trustee shall distribute to me, or apply for my benefit, such amounts of net income and principal, even to the extent of exhausting principal, as the trustee determines from time to time to be required for my health, support, and best interests, adding any undistributed net income to principal from time to time, as the trustee determines.”
The trust instrument also sets out Hardy’s intent in creating the trust:
*692 “1. It is my intention by this trust to create a purely discretionary (‘Special Needs Trust’) supplemental care fund for my benefit. It is not my intention to displace public or private financial assistance that may otherwise be available to me....
“2. I do not want this trust eroded by my creditors nor do I want my public or private assistance benefits to be made unavailable or terminated. This trust is not for my primary support; it is to supplement my special care needs only. Distributions shall not be made from the trust, except as my Trustee, in my Trustee’s complete, sole, absolute, and unfettered discretion, elects to disburse....
“3. My Trustee shall consider all resource and income limitations that affect my right to receive public assistance benefits. Distribution to or for the benefit of myself shall be limited so that I am disqualified [sic] from public benefits to which I am otherwise entitled.
[[Image here]]
“7. If this trust has the effect of disqualifying me from receiving public or private support benefits, my Trustee may ¡ unilaterally terminate this trust....”
The Agency treated the trust as a “countable resource” in determining Hardy’s eligibility for Medicaid benefits, and.it valued the one-half interest in the house, i.e., the corpus of the trust, at $16,385, based on the $32,770 tax-assessed value of the house. Consequently, the Agency determined that Hardy had resources in excess of the maximum allowable amount of $2,000 and that, therefore, she was not eligible for Medicaid benefits. See Rule 560-x-25-.06(l), Ala. Admin. Code (Alabama Medicaid AgencyXproviding that, “to be eligible for Medicaid,” an “SSI-related individual,” such as Hardy, “must not have total countable resources in excess of $2,000”). The Agency sent a letter to Hardy on August 1, 2013, informing her that her application for Medicaid benefits had been denied, citing Rule 560-X-25-.06, as the basis for the denial.
On August 6, 2013, Hardy filed a “Notice of Appeal and Request for Fair Hearing” with the Agency. See § 41-22-12, Ala.Code 1975. An administrative-law judge (“ALJ”) was appointed to hear the matter. The ALJ held a hearing on November 12, 2013. At the hearing, the Agency maintained its position that Hardy had excess resources and, therefore, was ineligible for Medicaid benefits. Jennifer Thomas, an eligibility specialist with the Agency, testified that the Agency had relied upon 42 U.S.C. § 1396(p)(d)(3)(B) in determining that Hardy’s beneficiary interest in the trust was ■ a countable resource. Thomas testified that she consulted the Agency’s legal department and that she was told to count the trust as a resource. Thomas further testified that the assessed value of the property, per the Jefferson County Tax Assessor, was $32,770, and that half of that amount, or $16,385, was attributable to Hardy as a resource. Thomas testified that, because that amount exceeds the Agency limit of $2,000 for countable resources, Hardy was ineligible for Medicaid benefits.
James Hardy testified that his father had left Hardy and himself each a one-half interest in the house. James testified that Hardy had a history of financial irresponsibility. James testified that, based on that history,. on October 21, 2009, he helped Hardy place her one-half interest in the house in the trust to prevent her from encumbering the house or otherwise losing the property. James testified that Hardy owed debts to doctors and pharmaceutical companies amounting to between $50,000 and $100,000. James testified that,. on July 31, 2012, he obtained a promissory *693 note from Hardy based on various loans he had made to her and that, at the time of the hearing, Hardy owed him $17,107.74. Under the terms of the note, Hardy-was to pay James $164.65 per month for approximately 10 years, or until the debt was paid off. Hardy had made only five payments by the time of the hearing. Hardy’s beneficiary interest in the trust was pledged as collateral for the note. Hardy submitted an exhibit showing that, if Hardy’s equity interest in the house was valued at $19,000, once it is reduced by her debt to James in the amount of $17,107.74, her equity interest in the house is only $1,892.26. Hardy further presented evidence of a federal tax lien against the house in the amount of $9,019.52.
In the hearing before the ALJ, Hardy argued that, pursuant to the Department of Health and Human Services, Social Security Administration Program Operations Manual System (“POMS”), Supplemental Security Income (“SI”) 01110.115 (April 2011),[1] the trust is not a countable resource because Hardy does not own the property in the trust, does not have the legal authority to liquidate it, nor does she have the legal right to use the property in the trust for her support and maintenance.
On December 11, 2013, t^ie ALJ issued a recommendation to the Acting Commissioner of the Agency (“the Commissioner”) to uphold the Agency’s decision to deny Hardy’s application for Medicaid benefits. In her recommendation, the ALJ concluded that Hardy’s beneficiary interest in the trust is a countable resource, but that' the value of the house should have been reduced by the amount of the federal tax lien, which made the correct value $11,875.24.. The ALJ concluded that this amount still exceeded the applicable $2,000 countable-resource limit for eligibility to receive Medicaid benefits. On January 13, 2014, the Commissioner entered a decision adopting the ALJ’s recommendation and notifying Hardy of her right to request a rehearing or to seek judicial review under the Alabama Administrative Procedure Act (“AAPA”), § 41-22-1 et. seq., Aa.Code 1975. Hardy timely filed a notice of intent to appeal with the Agency, and she subsequently filed a petition for judicial review ■in the circuit court on March 20, 2014.[2] The Agency filed an answer in the circuit .court on April 11,2014.
On September 22, 2014, the circuit court held a hearing at which it received arguments of counsel for the parties. At the conclusion of the hearing, thé circuit court stated that it would grant Hardy’s petition and order the Agency to' pay Medicaid benefits,' advised the Agency to place a lien on Hardy’s property, and ordered Hardy’s counsel to submit a proposed order.
On December 22, 2014, the circuit court entered a final judgment reversing the Agency’s decision and finding that Hardy’s one-half interest in the property held in trust was not an available resource for purposes of counting her resources. The circuit court ordered that the Agency award Hardy Medicaid benefits retroactive to December 2012. The circuit court also stated in its judgment that the Agency “may, if appropriate, require a lien be *694 placed on the property interest as a prerequisite to awarding Medicaid benefits .”
On January 2, 2015, the Agency filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment. In the motion, the Agency argued that 42 U.S.C. § 1396p(d)(3)(B), rather than POMS SI 01110.115, upon which the circuit court had relied, controlled. The Agency also argued that the circuit court’s judgment, insofar as it related to the placement of a hen, was outside the scope of the circuit court’s review because that issue had not been addressed in the proceédings before the ALJ. The Agency further argued that it did not'have the authority to place a lien on Hardy’s beneficiary interest in the trust .and that the placement of the lien would not reduce the value of Hardy’s beneficiary interest in the trust so as to make her eligible for Medicaid benefits. The Agency’s postjudgment motion was not explicitly ruled on and was ultimately denied by operation of law. Rule 59.1, Ala. R. Civ. P. Thereafter, the Agency filed a timely notice of appeal to this court. We have jurisdiction pursuant to § 12-3-10, Ala. Code 1975. ■

Standard of Review

The standard of review in an appeal involving a decision of ah administrative agency is as follows:
“The AAPA, which governs judicial review of agency decisions, provides:
“ ‘(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:’
“ ‘(1) In violation of constitutional or statutory provisions;
“ ‘(2) In excess of the statutory authority of the agency;
“ ‘(3) In violation of any pertinent agency rule;
“ ‘(4) Made upon unlawful procedure;
“ ‘(5) Affected by other error of law;
‘“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“ ‘(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of, discretion or a clearly unwarranted exercise of discretion.’
“ § 41—22—20(k), Ala.Code 1975....”
Moseley Grocery v. State Dep’t of Pub. Health, 928 So.2d 304, 311 (Ala.Civ.App.2005)(emphasis omitted). “[Medicaid’s] determination of noneligibility must be reviewed with a presumption of correctness.” Wood v. Baggiano, 509 So.2d 242, 243 (Ala.Civ.App.1986). “This court reviews a circuit court’s judgment as to an agency’s decision without a presumption of correctness because the circuit court is in no better position to review the agency’s decision than is this court.” Affinity Hasp., LLC v. St. Vincent’s Health *695 Sys., 129 So.3d 1022, 1025 (Ala.Civ.App.2012)(citing Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994)).

Discussion

On appeal, the Agency alleges that the circuit court erred in overturning its determination that Hardy was ineligible for Medicaid benefits. The Agency argues that, under 42 U.S.C. § 1396p and the POMS, the trust is a countable resource for the purpose of determining Hardy’s Medicaid eligibility. Hardy contends that, pursuant to POMS SI 01110.115, the trust is not a countable resource because she transferred her one-half interest in the house to the trust, which is irrevocable and cannot be altered, and that ownership of the house is shared with James, her brother.
Pursuant to the Alabama Administrative Code, “[i]n determining eligibility for Medicaid, the Agency’s rules and regulations are governed by the Social Security Act .. .. Titles XVI and XIX; 20 C.F.R. (Part 416); 42 C.F.R. (Part 435); and the Alabama State Plan for Medical Assistance.” Rule 56Ó-X-25-.01(l), Ala. Admin. Code (Alabama Medicaid). In order for an “SSI-related individual,” such as Hardy, to be eligible for Medicaid benefits, he or she must not have total countable resources in excess of $2,000. Rule 560-X-25-.06. The regulations in the Alabama Administrative Code pertaining to Medicaid do not specifically include guidelines for the treatment of trusts. However, 20 C.F.R. § 416.1210 enumerates specific resources that are excluded from consideration in determining eligibility for Medicaid benefits, and that regulation does not expressly exclude trusts.
Pursuant to the Omnibus Budget Reconciliation Act of 1993 (“OBRA 1993”), Pub.L. 103-66, § 13611(b), 107 Stat. 312, 624-25 (codified, as amended, at 42 U.S.C. § 1396p(d)), states are required to comply with the provisions of 42 U.S.C. § 1396p. In Lewis v. Alexander, 685 F.3d 325 (3d Cir.2012), the United States Court of Appeals for the Third Circuit, in addressing 42 U.S.C. § 1396p, summarized this requirement as follows:
“In enacting the trust provisions of OBRA 1993, Congress provided a comprehensive system for dealing with the relationship between trusts and Medicaid eligibility. After limited success with the Medicaid Qualifying Trusts provisions enacted in 1986, Congress made a deliberate choice to expand the federal role in defining trusts and their effect on Medicaid eligibility. Evidence of this can be found throughout the Medicaid statute. For example, the current text of 42 U.S.C. § 1396a(a)(18) requires States to comply with ‘section 1396p of this title with respect to ... treatment of certain trusts[.]’ Before OBRA 1993, the provision instructed States to ‘comply with the provisions of section 1396p of this title with respect to liens, adjustments and recoveries of medical assistance correctly paid, and transfers of assets[.]’ 42 U.S.C. § 1396a(a)(18) (1992). It did not mention compliance with 1396p.
“Congress made a specific choice to expand the types of assets being treated as trusts and to unambiguously require States to count trusts against Medicaid eligibility.”
685 F.3d at 343. 42 U.S.C. § 1396p(d) provides, in pertinent part, as follows:
“(1) For purposes of determining an individual’s eligibility for, or amount of, benefits under a State plan under this subchapter, subject to paragraph (4), the rules specified in paragraph (3) shall apply to a trust established by such individual.
*696 “(2)(A) For purposes of this subsection, an individual shall be considered to have established a trust if assets of the individual were used to form all or part of the corpus of the trust and if any of-the following individuals established such trust other than by will:
“(i) The individual.
[[Image here]]
“(B) In the case of a trust the corpus of which includes assets of an individual (as determined under subpara-graph (A)) and assets of any other person or persons, the provisions of this subsection shall apply to the portion of the trust attributable to the assets of the individual.
“(C) Subject to paragraph (4), this subsection shall apply without regard to—
“(i) the purposes for which a trust is established,
“(ii) whether the trustees have or exercise any discretion under the trust,
“(iii) any restrictions on when or whether distributions may be made from the trust, or
“(iv) any restrictions on the use of distributions from the trust.
“(3)(A) In the case of a revocable trust—
“(i) the corpus of the trust shall be considered resources available to the individual,
“(ii) payments from the trust to or for the benefit of the individual shall be considered income of the individual, and
“(iii) any other payments from the trust shall be considered assets disposed of by the individual for purposes of subsection (c) of this section.
“(B) In the case of an irrevocable trus1>
“(i) if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could be made shall be considered resources available to the individual, and payments from that portion of the corpus or income—
“(I) to or for the benefit of the individual, shall be considered income of the individual, and
“(II) for any other purpose, shall be considered a transfer of assets by the individual subject to subsection
(c) of this section; and
“(ii) any portion of the trust from which, or any income on the corpus from which, no payment could under any circumstances be made to the individual shall be considered, as of the date of establishment of the trust (or, if later, the date on which payment to the individual was foreclosed) to be assets disposed by the individual for purposes of subsection (c) of this section, and the value of the trust shall be determined for purposes of such subsection by including the amount of any payments made from such portion of the trust after such date.”
The ALJ relied upon 42 U.S.C. § 1396p(d)(3)(B)(i) in determining that the trust was a countable resource, stating in her recommendation, in pertinent part, as follows:
“[I]f there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could *697 be made shall be considered resources available to the individual.... ”
The ALJ further noted that the POMS supported 42 U.S.C. § 1396p(d)(3)(B)(i). The POMS, specifically SI 01120.201D.2 (May 2013), which was in effect when the ALJ and the Agency made their decisions, provided:
“a. General rule for irrevocable trusts “In determining whether an irrevocable trust established with the assets of an individual is a resource, we must consider how payments from the trust can be made. If the payments from the trust could be made to or for the benefit of the individual or the individual’s spouse ... the portion of the trust from which payment could be made that is attributable -to the individual is a resource....
“b. Circumstances under which payment can or cannot be made
“.., [I]f a payment can be made to or for the benefit of the individual under any circumstance, no matter how unlikely or distant in the future, the general rule in SI 01120.201D.2.a. in this section applies (i.e., the portion of the trust that is attributed to the individual is a resource, provided no exception from SI 01120.203 applies).”[3]
(Bold typeface in original.) In applying these standards, the ALJ found that the terms of the trust placed it “squarely within the parameters of an irrevocable trust that should be counted as a countable resource for purposes of determining Medicaid eligibility pursuant to 42 U.S.C. § 1396p(d)(3)(B)(i) and POMS SI 01120.201D.2.a-b.”[4]
The circuit court, in reversing the Agency’s decision and in holding that Hardy’s trust is not a countable resource, relied upon POMS SI 01110.115, along with Alabama Medicaid Agency v. Primo, 579 So.2d 1355 (Ala.Civ.App.1991), in which this court stated that, “[although there is no express exclusion concerning trusts in the [federal medicaid] regulations, we are of the opinion that the definitional instructions [in the POMS] promulgated by the Secretary [of the Department of Health and Human Services] for the benefit of the states’ operations should also be ‘entitled to more than mere deference or weight.’ ” 579 So.2d at 1358. POMS SI 01110.115A provides that “assets of any kind are not resources if the individual does not have ... the legal right, authority, or power to liquidate them (provided they are not already in cash); or the legal right to use the assets for his/her support and maintenance.”
We cannot find support for Hardy’s position in POMS SI 01110.115A or Primo. Although the POMS is helpful and is entitled to more than mere deference, it does not carry the force of law as does 42 U.S.C. § 1396p. See Schweiker v. Hansen, 450 U-S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981)(holding that the Claims Manual of the Social Security Administration (“SSA”) is “not a regulation,” has “no legal force,” and “does not bind the SSA”). Furthermore, we note that POMS SI 01120.201D.2.a-b, which deals directly with *698 trusts, echoes the guidelines established by 42 U.S.C. § 1396p(d)(3)(B)(i). Thus, giving the POMS its due deference, although one provision of the POMS, when read in isolation, might favor Hardy’s position, there are other provisions of the POMS that are aligned with the applicable federal statute relied upon by the ALJ and the Agency. Further, Primo did not involve a self-settled trust and was decided before the enactment of the OBRA 1993 trust provisions.
Pursuant to the terms of Hardy’s trust, if the house was sold and half of the proceeds of the sale were placed in the trust, the trustee could then make distributions as required by the terms of Hardy’s trust. That scenario constitutes a circumstance “under which payment from the trust could be made to or for the benefit” of Hardy, which supports the Agency’s determination that the trust is a countable resource. 42 U.S.C. § 1396p(d)(3)(B)(i).
The Agency adopted the ALJ’s findings that Hardy’s trust was a countable resource and that the value of the assets of the trust exceeded the statutory $2,000 limit thereby rendering Hardy ineligible for Medicaid benefits. That decision was supported by the facts and by relevant law, and we therefore perceive no basis for overturning the Agency’s decision. § 41-22-20(k). Furthermore, as this court has previously held:
“We recognize that ‘[i]nterpretations of an act by the administrative agency charged with its enforcement, though not conclusive, are to be given great weight by the reviewing court.’ Hulcher v. Taunton, 388 So.2d 1203, 1206 (Ala.1980). Similarly, ‘an agency’s interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.’ Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400, 403 (Ala.Civ.App.1985). However, ‘[a]n administrative agency cannot usurp legislative powers or contravene a statute.’ Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala.1991).”
Daniel Sr. Living of Inverness I, LLC v. STV One Nineteen Sr. Living, LLC, 161 So.3d 187, 191 (Ala.Civ.App.2012). In reviewing an agency decision, a court cannot “ ‘substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.... ’” Alabama Medicaid Agency v. Norred, 497 So.2d 176, 177 (Ala.Civ.App.l986)(quoting § 41-22-20(k)). Therefore, based on the applicable standard of review, we reverse the circuit court’s judgment overturning the Agency’s decision denying Hardy Medicaid benefits.
The Agency also asserts that the AAPA limits review of an agency’s decision to the record of the contested case and that the circuit court erred in soliciting and considering evidence regarding the Agency’s authority to place a lien on Hardy’s beneficiary interest in the trust because this issue had not been raised in the proceedings before the ALJ. Based on our determination that the circuit court’s judgment overturning the Agency’s decision that the trust was a countable resource must be reversed, we do not reach the issue attacking that portion of the judgment regarding a potential lien on Hardy’s beneficiary interest in the trust. We note, however, that, although the Agency correctly observes that a circuit court is limited to considering only those issues that were raised in the administrative proceedings, the provision of the circuit court’s judgment to which the Agency objects appears to be merely surplusage of no significant effect or operation, and the circuit court did not mandate the filing of a lien.

Conclusion

For the reasons discussed above, we reverse the circuit court’s judgment over *699 turning the Agency’s decision, and we remand the case for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ. concur.

. On the date this opinion was released, the most current version of the POMS could be located on-line at the following web address: https://secure.ssa.gov/appsl 0/.

. In her petition for judicial review, Hardy contended that she received notice of the Commissioner’s ruling on February 14, 2014, that she filed her notice of intent to appeal with the Agency within 30 days of receiving the notice, and that, her petition for judicial review was filed within 30 days of when she filed her notice of intent to appeal. See § 41— 22-20(d), Ala.Code 1975. The Agency did not contest any of Hardy’s assertions.

. SI 01120.201 was amended effective September 25, 2015; however, the pertinent lan- . guage quoted above has not changed.

. We note that 42 U.S.C. § 1396p(d)(4) and POMS SI 01120.203 (May 2013) contain exceptions to the policy outlined above requiring that certain trusts be included as countable resources; those exceptions apply to special-needs trusts and pooled trusts, Although Hardy’s trust instrument contains language that appears to attempt to categorize it as a special-needs trust, Hardy did not raise this issue before the ALJ or on appeal. Even if Hardy had raised this argument, the trust does not contain the requisite "pay back” provision heeded to entitle it to treatment as a special-needs trust.