This appeal is from an administrative recoupment proceeding instituted by the Alabama Medicaid Agency (Alamed) against Dr. Joseph A. Ferlisi. The issue presented for our review is whether Alamed's actions were prejudicial to the substantial rights of Ferlisi under § 41-22-20 (k) of the Alabama Administrative Procedure Act, Code of Alabama 1975.
The case involves the following pertinent facts:
Since 1973 Dr. Joseph Ferlisi, a licensed obstetrician who practices in Montgomery, has furnished prenatal services to patients at the Autauga County Health Department Clinic. He travels to the clinic twice a month, with each visit usually lasting two hours. Ferlisi receives payment for these services at the rate of $30 per hour, plus travel expenses. Approximately one-third of the patients seen at the clinic are Medicaid patients. The Medicaid recipients who are seen at the clinic are free to choose a physician and hospital for delivery of their child. Forty-three of the Medicaid patients treated at the clinic chose Ferlisi as their physician. Ferlisi billed Medicaid for the total obstetrical care (global care) of these patients. He also billed Medicaid for medical histories and physical examinations performed on his clinic patients upon their admissions to the hospital for delivery.
A publication of the American Medical Association entitledCurrent Procedure Terminology (CPT-4) contains codes for standardized procedures which must be used by a provider when he files a claim with Medicaid. The CPT-4 code book divides claims for maternity care and delivery into two categories: delivery only and total obstetrical care (global care). The global care code includes prenatal care, delivery and postpartum care. The delivery-only code includes delivery and postpartum care, but not prenatal care. The CPT-4 further classifies the procedures based on whether the delivery is vaginal or cesarean. A different rate is paid by Medicaid for each procedure code, paying more for global care than for delivery only under both methods of delivery.
After an investigation by the attorney general's office, Alamed determined that since Ferlisi received payment from the Health Department for prenatal care furnished at the clinic, he should have only filed claims on the actual delivery. Alamed *Page 402 
further determined that since global care is intended to be all-inclusive, a provider cannot bill separately for global care and for medical histories and physical examinations performed when a patient is admitted to the hospital for delivery. Alamed based the recoupment proceedings on its administrative regulations, Rules 6.A.5 and 6.A.6 (later recodified as Rules 560-X-6-.01 (5), (6) of the Alabama Administrative Code (1982), which state:
 "5. If Medicaid pays for any service, the physician may not bill or legally collect any additional amount from the patient, or anyone else for that service.
 "6. The physician agrees when he bills Medicaid for a service that he will accept as payment in full, the amount paid by Medicaid for that service, and that no additional charge will be made."
On March 26, 1984, the Utilization Review Committee of Alamed charged Ferlisi with abuse of the Medicaid program and sought to recover $5,898.50 in alleged overpayments. Program abuse is defined in Rule 560-X-4-.04 as "any action which results in incorrect payment of claims for services rendered." Ferlisi requested a fair hearing before a hearing officer of Alamed, which was granted. The hearing officer recommended to the Alamed Commission that Alamed was entitled to recoupment in the amount of $4,171.50. This recommendation was adopted by the Alamed Commission on July 23, 1984. Ferlisi petitioned the circuit court for a review of the Commission decision, which was granted. The circuit court affirmed the action of Alamed. Ferlisi then brought this appeal.
Ferlisi contends on appeal that Alamed's interpretation of the Medicaid regulations is unreasonable and cannot withstand scrutiny. He asserts that the hearing officer misconstrued the statute and found that, since Alamed pays the State Health Department $15 each time a Medicaid patient visits the Autauga County Health Clinic for prenatal care, Ferlisi was not entitled to bill for global care, but only for delivery-only care. Ferlisi argues that he had no knowledge of an agreement between Alamed and the State Health Department and that the Medicaid regulations should not be interpreted as prohibiting his receipt of reimbursement from both Medicaid and the Health Department.
The applicable standard of review in this case is set out in § 41-22-20 (k) of the Alabama Administrative Procedure Act, Code of Alabama 1975. This section states:
 "(k) The agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency, or where no such statutory standards for judicial review are applicable to the agency, if substantial rights of the petitioner have been prejudiced because the agency action is:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
"(3) In violation of any agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 "(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
This statute recognizes the general rule that judicial review of administrative decisions *Page 403 
is limited in scope to whether the order is supported by substantial evidence, whether the agency's decision is reasonable and not arbitrary, and whether the agency acted within its power conferred upon it by law and the constitution.Alabama Board of Nursing v. Herrick, 454 So.2d 1041
(Ala.Civ.App. 1984); Parsons v. Board of Registration,451 So.2d 296 (Ala.Civ.App. 1984). Another well-settled statement of law is that an agency's interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation. Homan and Crimen,Inc. v. Harris, 626 F.2d 1201 (5th Cir. 1980); ExpedientServices, Inc. v. Weaver, 614 F.2d 56 (5th Cir. 1980).
Alamed correctly interpreted the Medicaid regulations in this case. These regulations clearly prohibit a provider who collects from Medicaid from accepting any additional amount for services from any other source. Ferlisi's contention that the reason for this recoupment action by Medicaid was because Medicaid was paying the Health Department on a per-visit rate for Medicaid obstetrical patients seen in the county clinics was incorrect. The reason for the recoupment was that Ferlisi was reimbursed by the Department of Public Health for the same prenatal services covered by the global Medicaid claim. Though it is true that there was confusing testimony about the agency's determination that recoupment proceedings were necessary, § 41-22-20 (i) leaves the determination of such issues of fact to the agency.
It is undisputed that Ferlisi billed Medicaid for forty-three global care deliveries for patients whose prenatal care was furnished at the clinic. It is also undisputed that Ferlisi was paid by the Health Department for his visits to the clinic. Under these circumstances, Ferlisi should not have received payments for global care from Medicaid. Therefore, after reviewing the record, we find that the agency acted within its conferred powers; that its decision was supported by substantial evidence; that the agency's decision is reasonable and not arbitrary; and that the agency's actions were not prejudicial to the substantial rights of Ferlisi.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.