This is the second occasion that this case has been before this court.
In view of the above, it is not necessary to set out in detail the facts and history of this matter. Interested parties may refer to this court's prior opinion. See State PersonnelBoard v. Wallace, 659 So.2d 683 (Ala.Civ.App. 1995).
Suffice it to say that the following are the operative facts: Wallace was employed as an Auditor II with the State Department of Transportation (Transportation) and was a permanent merit system employee.
Wallace was offered a transfer to the State Medicaid Agency (Medicaid) and a promotion to Auditor III. He accepted that position with the understanding that there was a probationary period regarding the Auditor III classification.
While a probationary Auditor III, Wallace was terminated from his employment with Medicaid. Thereafter, the State Personnel Board (Board) placed Wallace's name on the reemployment registers as an Auditor II and as an Accountant I, pursuant to the merit system law and State Personnel Board Rule670-X-10-.01.
On remand, the circuit court reviewed the matter in accordance with § 41-22-20, and agreed with Wallace's contention that, pursuant to Rule 670-X-10-.01, he should have been demoted to any Accountant I or Auditor II vacancy at Medicaid and that he was entitled to back pay for the period of time that such position was not offered to him. Consequently, the circuit court reversed and set aside the Board's declaratory ruling of March 19, 1991, and ordered that Wallace be reinstated as a regular employee at the classification of Auditor II, with full seniority and other emoluments of the office, to include full back pay.
The Board and Medicaid appeal.
At the outset, we note that Ala. Code 1975, § 41-22-20(k), provides, in pertinent part:
 "Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute."
In State Dep't of Human Resources v. Funk, 651 So.2d 12, 16
(Ala.Civ.App. 1994), this court stated:
 "Judicial review of administrative acts and decisions is limited in scope, and ordinarily, courts will pass only on questions of whether the administrative agency has acted within the its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Additionally, this court reviews *Page 1359 
the trial court's ruling on the agency's decision with no presumption of correctness, because the trial court was in no better position to review the order of the agency than this court is."
(Citations omitted.)
The language used in an administrative regulation should be given its natural, plain, ordinary, and commonly understood meaning, just as language in a statute. Alabama Medicaid Agencyv. Beverly Enterprises, 521 So.2d 1329 (Ala.Civ.App. 1987).
Rule 670-X-10-.01 provides, in pertinent part:
 "If any such employee was a regular employee in another position in the classified service immediately prior to his appointment, he shall be demoted to his regular classification. If his promotion has been in a State agency other than the one in which he held regular status, and there is no vacancy to which he may be demoted, his name shall be placed on the reemployment list for the class of the position in which he was a regular employee. (Statutory authority: 36-26-21, Code of Alabama 1975.)"
(Emphasis added.)
In its March 19, 1991, administrative declaratory ruling, the Board interpreted Rule 670-X-10-.01, as follows:
 "Medicaid did not consider Mr. Wallace to have such an entitlement, relying upon the historical interpretation of the Rule enforced by the State Personnel Directors and followed by state agencies in personnel actions for many years. That interpretation is that an employee who is promoted to a higher class and then separated during the probationary period has a right of return to the lower class only when the promotion has been within the state agency in which he held permanent status. Where the promotion to the higher class is in another agency, the employee has no right of return to the lower class, but instead is placed on the reemployment list in the lower classification."
In its order issued after remand, the circuit court made the following pertinent findings:
 "13. The only reasonable interpretation of State Personnel Board Rule 670-X-10-.01 is that a regular employee in the classified service who is terminated during a probationary period following a promotion shall be demoted to his regular classification. If his promotion also involved a transfer from one appointing authority to another, the demotion shall be contingent on the existence of a vacancy. If there is such a vacancy, the employee shall be demoted into it. The position of [the Board] that a demotion is discretionary with the agency head is contrary to both the wording and the spirit of the Rule, and is therefore unreasonable. First, of course, the court finds the agency's construction of the word 'may' to be unreasonable and arbitrary. Secondly, the State of Alabama is the sole employer of all merit system employees. When an employee transfers from one agency to another, whether by promotion or not, he takes with him all the emoluments of state employment: retirement, accrued annual leave, accrued sick leave, etc. It is unreasonable for one employee to retain as a part of his benefits the right to be demoted after promotion and for another employee to have all of his merit system protection terminated after promotion in the service of the same employer. Since the action of the agency was unreasonable and not founded upon adequate principles, the court finds that it was arbitrary and capricious with the meaning of Alabama Medicaid Agency v. Beverly Enterprises, 521 So.2d 1329, 1333 (Ala.Civ.App. 1987).
 "14. To the extent that [the Board] contends that it had the discretion to apply whatever construction it wished to the plain language of Rule 670-X-10-.01, the court finds that the agency abused that discretion by unreasonable and unnatural interpretation."
It is well settled that "an agency's interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation."Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400, 403
(Ala.Civ.App. 1985). It is clear to this court that the Board's interpretation is reasonable. In fact, any other interpretation may well be unreasonable from a managerial standpoint. *Page 1360 
In view of the above, the judgment of the circuit court is reversed and remanded for entry of a judgment consistent with this opinion.
As the above is dispositive of the case, we pretermit discussion of the remaining issues.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.