RICHARD L. HOLMES, Retired Appellate Judge.
Clinton Hammock, Phillip Ridley, Robert McConnell, Jim Lyle, James Weldon, and Jack Stewart (plaintiffs) appeal from a summary judgment in favor of the City of Auburn (City). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: All six plaintiffs are former employees/firemen of the City and have since retired. During their employment, the plaintiffs, as well as all other city employees (excluding department heads and volunteers), were subject to the same personnel policies that had been adopted by the City. Upon retirement, all employees of the City were reimbursed for any accrued annual leave and sick leave that had not been exhausted during their employment.
The City’s Personnel Manual specifically states that firemen accrue annual and sick leave at the rate of one day or one working day per month. The City’s interpretation of one day or one working day has always been an eight-hour day. In fact, former retired employees of the City, including firemen, 'have always been reimbursed for any accrued time based.on an eight-hour day.
The plaintiffs’ unique work schedule essentially required them to work 24 hours on duty (one 24-hour shift) followed by 48 hours off duty (two 24r-hour shifts). The 24-hour shift that they worked consisted of 8 hours’ sleep time. Accordingly, if a firefighter ever missed a 24-hour shift due to illness, he would be docked for one day (8 hours) of sick time, and not 3 days (24 hours). When the plaintiffs retired from the City, all were reimbursed for their annual leave and sick leave based on an eight-hour day.
The plaintiffs do not dispute the above facts. However, in their claim for breach of contract, they contend that because of their unique work schedule, they should have been reimbursed for their unused annual leave and sick leave based on a 24-hour day (number of days accrued x 24 hours x rate of pay) as opposed to an 8-hour work day (number of days accrued x 8 hours x rate of pay).
*363 After filing its answer, the City filed a summary judgment motion, along with a brief in support thereof. The motion was accompanied by the initial and amended affidavit of Steven A. Reeves, Auburn’s Director of Human Resource Management.
The plaintiffs filed a response in opposition to the summary judgment motion, along with the affidavit of plaintiff Jim Lyle.
The trial court entered an order, finding that “there [was] no genuine issue as to any material fact as to [the City] and that [the City was] entitled to a judgment as a matter of law.” This appeal followed.
Rule 56(c)(3), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. Rule 56(e), Ala.R.Civ.P., provides, in pertinent part, that once the movant has supported his position that a summary judgment is appropriate, the nonmovant “may not rest upon the mere allegations ... of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial.”
The plaintiffs here focus their argument on the interpretation of one working day. In support of their contention regarding the interpretation of one working day, the plaintiffs refer to a portion of a consent decree approved in Hammock v. City of Auburn, No. 87-V-680-E (M.D.Ala., Feb. 15, 1991). The pertinent part of the consent decree stated as follows:
“14. DAY. The day will be defined as follows: For Firefighters on a 56-hour work week, 10.6 hours per month will be earned for all employees hired after February 3, 1989. For full-time Firefighters who work a 56-hour week and were hired prior to February 3, 1989, annual leave shall be earned based on one 24,-hour shift per month.”
(Emphasis supplied.)
The portion of this language relating to annual leave being based on one 24-hour shift per month was incorporated into the City’s Personnel Manual the following year. However, this language in no way changed the manner in which reimbursement for retiring employees was calculated.
The plaintiffs’ sole argument is that since their annual leave and sick leave was accrued based on a 24-hour work day, they should accordingly have been reimbursed at the same rate.
Consequently, we cannot conclude that the City owed the plaintiffs reimbursement based on a rate three times greater than that of other city employees. The plaintiffs have failed to cite any authority to support their contention that they were entitled to such reimbursement.
The plaintiffs have also failed to provide any substantial evidence to support their contentions other than an affidavit by plaintiff Lyle, which simply states the method by which his reimbursement was calculated upon his retirement. This affidavit, however, is consistent with the City’s past and present practice of reimbursement and, basically, is a mere restatement of the allegations made in the plaintiffs’ complaint.
We would importantly note that deference be given to the City’s interpretation of its own language. It is well settled that “an agency’s interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.” Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400, 403 (Ala.Civ.App.1985). It is clear to this court that the City’s interpretation is reasonable. In fact, any other interpretation may well be unreasonable from a managerial standpoint.
Accordingly, we find that the trial court correctly entered a summary judgment in favor of the City.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.