CRAWLEY, Judge.
On June 2, 1998, David B. Unger, an agent of the Lott family, which owns certain real estate in Daphne, applied to the Daphne Planning Commission (the “Commission”) for a rezoning of this Lott family real estate. Unger withdrew the application on June 28, 1998, before the Commission had considered it. Unger filed another application requesting rezoning on August 31, 1998. The Commission recommended to the Daphne City Council (the “City”) that it deny the requested rezoning. The City approved the requested rezoning in December 1998.
Avanell C. Haley, who owns real estate adjacent to the rezoned real estate, filed an action asking the trial court to enjoin the Commission and the City from considering the August 31, 1998, application because it was filed less than a year after the June 2, 1998, application. Haley filed the action before the City approved the requested rezoning. The trial court withheld holding a hearing until the City approved the requested rezoning.
Haley argued to the trial court that the consideration of the August 31,1998, application violates City ordinance 12.56, which states:
“A property owner, or his appointed agent, shall not initiate action for a zoning amendment affecting the same parcel of land more often than once every twelve (12) months.”
Following the presentation of ore tenus evidence, the trial court held that the consideration of the August 31, 1998, application did not violate § 12.56. The trial court reasoned that the 12-month waiting period for a second application does not come into effect until an application has been actually considered by the Commission or by the City. The trial court cited the immediately preceding ordinance, § 12.55, which states:
“Any petition for zoning amendment may be withdrawn prior to action thereon by the council or planning commission at the discretion of the person, firm or corporation initiating such a request upon written notice to the clerk.”
The trial court reasoned that § 12.55 would have no effect if the mere application for a rezoning request, regardless of whether it was considered by the Commission or the City, invoked the operation of the 12-month requirement of § 12.56.
Haley appeals, arguing that the trial court and the City have misinterpreted § 12.56. Haley did not argue in the trial court, and has not argued to this court, the merits of the City’s rezoning decision.
We agree with the trial court that the Commission and the City correctly interpreted § 12.56. “[A]n agency’s interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.” Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400, 403 (Ala.Civ.App.1985); see also State Personnel Bd. v. Wallace, 682 So.2d 1357 (Ala.Civ.App.1996). The City presented undisputed evidence indicating that it has consistently interpreted § 12.56 by allowing the withdrawal of a rezoning application and the filing of a subsequent application less *417 than 12 months later, provided the initial application was not considered by the Commission. Haley argues that the word “action” in § 12.56 should be interpreted to mean an application alone and not an application and consideration by the Commission. We conclude that the trial court did not err by interpreting the word “action” in § 12.56 as requiring an application and a consideration of the application.
Therefore, we affirm the judgment of the trial court allowing the consideration of the August 31,1998, application.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.