The State Health Planning and Development Agency ("SHPDA") and SHPDA's Certificate of Need Review Board ("CONRB") appeal from a judgment of the Walker Circuit Court that reversed the CONRB's denial of an application for a certificate of need ("CON") submitted by West Walker Hospice, Inc. ("WWH")
On July 30, 2004, WWH filed an application with SHPDA requesting a CON to operate a 50-bed, inpatient hospice facility in Carbon Hill. Although it would have been located in a rural county, the proposed facility would have greatly exceeded the bed allotment of every other inpatient hospice in the state. In addition to the proposed inpatient services, WWH planned to offer a variety of services in a new medical center that would be built on the same property, including a rural health-care clinic; an urgent-care clinic; and internal-medicine, pain-management, medical-equipment-supply and pharmacy services. In its application, WWH stated its intention to enter into a long-term lease with the Carbon Hill Medical Complex for the inpatient hospice program.
Under Alabama law, WWH is required to obtain a license from the State of Alabama in order to operate such a facility. Pursuant to legislative act, the CONRB reviews all CON applications to determine whether proposed health-care facilities or changes thereto are consistent with the State Health Plan ("SHP").See §§ 22-21-260 *Page 27 
through 22-21-278, Ala. Code 1975. The SHP is a comprehensive health-care-development plan designed to assure that quality health services at a reasonable cost are available throughout the state. The SHP is codified in Chapter 410 of the Alabama Administrative Code. See r. 410-2-1-.01
through 410-2-5-.05, Ala. Admin. Code (SHPDA).
In September 2004, SHPDA issued a staff report reviewing WWH's proposed inpatient hospice facility. That report noted that "West Alabama is a medically underserved area." The report concluded that WWH would "provide patients with a continuum of medical services" and "that a substantial portion of the facility's occupancy would be Medicare patients."
WWH's filing of its application with SHPDA triggered a 45-day administrative period during which interested parties could file petitions to intervene or could submit objections to the application. See Ala. Admin. Code, r. 410-1-7-.13
(SHPDA). Although Baptist Health Systems, doing business as "Baptist Walker," timely submitted a notice of intervention and filed papers in opposition to WWH's application, Baptist Walker withdrew its opposition to the application in January 2005. Shortly thereafter, the application was docketed for consideration by the CONRB at a March 16, 2005, hearing; however, on March 15, 2005, the Governor issued Executive Order No. 26 that placed a statewide moratorium on the consideration of all CON applications relating to hospice services, prompting the cancellation of the hearing on WWH's application. Subsequently, Executive Order No. 26 was amended to exempt those CON applications that had been requested and had been scheduled for a hearing at the time that the Governor had originally issued that order, thereby removing WWH's application from the scope of the moratorium.
WWH's CON application was subsequently heard by the CONRB on July 20, 2005. At that hearing, WWH presented evidence indicating that it had conducted a detailed financial analysis, had consulted with in-home hospice programs to gauge the need for its facility, had commissioned a needs analysis from an expert in elder care, had negotiated with the University of Alabama about its use of the proposed facility as a teaching facility, and had negotiated affiliation agreements with several in-home hospice programs. Members of the CONRB extensively questioned Robert E. Cole, the executive director of WWH, concerning the financial feasibility of the proposed inpatient hospice program. At some point during the hearing, the CONRB also accepted testimony from David Stone, the executive director of the Alabama Hospice Organization, who answered questions and offered general comments on federal regulations applicable to hospice facilities such as the one proposed in WWH's CON application.
On August 5, 2005, the CONRB entered a three-page ruling that denied WWH's request for a CON and included detailed findings of fact relating to the reasons for that denial. Those reasons included specific determinations that WWH's proposed facility was "contrary" to the goals of hospice care, that the facility was "not financially feasible," that the evidence had "cast[] doubt[] on whether the new operation could meet its required census of inpatient and at-home patients as a community based provider," and that the facility "would not represent the optimal use of resources dedicated to meeting the needs of the aging."
On August 25, 2005, WWH notified SHPDA that it would seek judicial review of the CONRB's decision to deny WWH's *Page 28 
CON application. Subsequently, pursuant to § 41-22-20(b), Ala. Code 1975, WWH appealed the denial of the CON application to the circuit court, asserting that the CONRB had violated SHPDA's rules and regulations; that the CONRB decision was clearly erroneous, arbitrary, and capricious; and that the CONRB had acted beyond its authority. Numerous documents were filed with the circuit court, including a copy of the administrative record made before the CONRB and memoranda of law from all parties. On January 9, 2007, the circuit court entered a judgment in which it stated that it had been "persuaded by the arguments of [WWH]" and that it had "adopt [ed WWH's] memorandum of law submitted on this appeal in making . . . findings of fact [and] conclusions of law," thus reversing the CONRB's denial of WWH's CON application. Essentially, WWH's memorandum — and the circuit court's judgment incorporating it" posited that the CONRB had violated SHPDA's rules and regulations by relying on the Governor's Executive Order No. 26 and by accepting testimony from Stone, who had not intervened or requested permission to be heard, in denying WWH's CON application. SHPDA and the CONRB have appealed from that judgment.
In Brookwood Health Services, Inc. v. Baptist HealthSystem, Inc., 936 So.2d 529 (Ala.Civ.App. 2005), we summarized the principles that govern our review of a circuit court's judgment in administrative-review proceedings:
 "`This court reviews a trial court's judgment regarding the decision of an administrative agency "without any presumption of its correctness, since the [trial court] was in no better position to review the [agency's decision] than" this court. Under the Alabama Administrative Procedure Act ("AAPA"), § 41-22-1 et seq., Ala. Code 1975, which governs judicial review of agency decisions,
 "`"[e]xcept where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
 "`"(1) In violation of constitutional or statutory provisions;
 "`"(2) In excess of the statutory authority of the agency;
 "`"(3) In violation of any pertinent agency rule;
 "`"(4) Made upon unlawful procedure;
 "`"(5) Affected by other error of law;
 "`"(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "`"(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.'
 `" § 41-22-20(k), Ala. Code 1975 (emphasis added [in Colonial Management]).'" *Page 29 
936 So.2d at 533-34 (quoting Colonial Mgmt. Group, L.P. v.State Planning and Development Agency, 853 So.2d 972,974-75 (Ala.Civ.App. 2002)).
Moreover, "`[i]n reviewing the decision of a state administrative agency, "[t]he special competence of the agency lends great weight to its decision, and that decision must be affirmed, unless it is arbitrary and capricious or not made in compliance with applicable law."'" Brookwood,936 So.2d at 534 (quoting Colonial Mgmt,853 So.2d at 975). "`"The weight or importance assigned to any given piece of evidence presented in a CON application is left primarily to the [CONRB's] discretion, in light of the [CONRB's] recognized expertise in dealing with these specialized areas."'"Id.
Neither this court nor the circuit court may substitute its judgment for that of the administrative agency; this holds true even when the testimony is generalized, the evidence is meager, and reasonable minds might differ as to the correct result.Colonial Mgmt, 853 So.2d at 975. In addition, this court must apply a presumption of correctness to SHPDA's interpretation and application of its own rules. SylacaugaHealth Care Ctr., Inc. v. Alabama State Health PlanningAgency, 662 So.2d 265, 267-68 (Ala.Civ.App. 1994). "[A]n agency's interpretation of its own rule or regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation." See SylacaugaHealth Care Ctr., 662 So.2d at 268; see also Ferlisiv. Alabama Medicaid Agency, 481 So.2d 400, 403
(Ala.Civ.App. 1985).
By statute, the responsibility of the CONRB is to oversee the health-care needs of the state and to implement the SHP. The CONRB must pay particular attention to the needs of the community to be served, the surrounding communities whose existing health-care facilities will be affected by the proposed new facility, and the overall health needs of the state when reviewing each CON application. See
§ 22-21-264, Ala. Code 1975. Mindful of our deferential standard of review, we now turn to whether the grounds cited by the circuit court support a reversal of the CONRB's decision.
In its judgment reversing the CONRB's decision, the circuit court exhaustively reviewed the moratorium placed upon hospice expansion in Executive Order No. 26 and determined that the CONRB had improperly relied on that order, which, the circuit court concluded, was unconstitutional. The essential flaw with the determination that the CONRB improperly relied upon the executive order in denying WWH's CON application is that the record reflects that the moratorium, by the express terms of the amended executive order, did not apply to WWH's CON application and that the applicability of the moratorium order was not at issue when the CONRB conducted the hearing on WWH's CON application. In fact, a careful review of the record indicates that the only mention of Executive Order No. 26 is one paragraph, found on page two of the CONRB's statement of facts; that reference is one in a series of background facts enumerated by the CONRB in its findings of fact. As noted previously, neither this court nor the circuit court may substitute its judgment for that of the administrative agency as fact-finder; the judiciary is required to give the agency's factual findings due deference. Because it is clear from the administrative record that the moratorium was not applicable to, nor was it applied to, WWH's CON application, we conclude that the circuit court could not properly reverse the CONRB's decision on that basis.
The circuit court also determined that the CONRB's decision was due to be reversed based upon an allegation that the *Page 30 
CONRB had violated SHPDA's rules and regulations by accepting testimony from Stone during the hearing. We note that the administrative record indicates (1) that Stone agreed to answer questions, after specifically stating on the record that he had not requested permission to make a formal statement; (2) that WWH fully responded to all potential issues raised by Stone; and (3) that WWH did not object to Stone's participation orhis comments at any time during the CON hearing.
We note that the regulations applicable to CON review generally restrict participation in hearings to those interested persons or entities that have filed a formal request with the CONRB to be heard. See r. 410-1-7-.13(1)(b), Ala. Admin. Code (SHPDA). Rule 410-1-7-.13(1)(b) provides:
 "(b) Speakers to make presentations to the Certificate of Need Review Board:
 "1. Person(s) other than the applicant who wish to make an oral presentation to the Board must have a request filed with the state agency in writing naming the person who is to speak on or before the forty-fifth (45th) day of the review cycle. Only at the sound discretion of the Chairman of the Certificate of Need Review Board will substitution be permitted. "2. Persons other than the applicant who wish to make an oral presentation must have filed with the state agency a summary statement of the presentation before or on the forty-fifth (45th) day of the review cycle, and must limit their comments to the Board to the same."
In contrast, another administrative regulation allows the CONRB to solicit comment or input from outside sources by means of a variance. See r. 410-1-7-.20, Ala. Admin. Code (SHPDA). ("Review procedures provided for in these regulations may vary according to the purpose for which a particular review is being conducted and/or the nature and type of service or expenditure proposed."). To the extent that the CONRB interpreted Rule 410-1-7-.20 to allow it to request Stone's participation in the hearing on WWH's application, we must defer to that interpretation. See Sylacauga Health CareCtr., 662 So.2d at 268, and Ferlisi,481 So.2d at 403.
The opportunity to question Stone was noted in the record by the CONRB as having been helpful to that board because the SHP in effect at the time of the hearing did not address inpatient hospice facilities. Stone fielded questions from the CONRBafter the CONRB had extensively questioned WWH's ability to provide medical services in a financially feasible manner. In addition, the CONRB's decision specifically detailed the reasons for denying WWH's CON application: "the project is not financially feasible, there is not demonstrated community need for the proposed services, and the project would not represent the optimal use of resources dedicated to meeting the needs of the aging." None of Stone's comments were relied upon by the CONRB to support the denial of WWH's CON application; rather, the CONRB's decision was based upon WWH's inability to convince the CONRB of the financial and medical necessity and feasibility of the proposed facility. Finally, the absence of any objection before the CONRB to Stone's testimony barred WWH from relying upon any error in admitting that testimony in subsequent administrative-review proceedings in the courts.See Ex parte Williamson, 907 So.2d 407, 415-16
(Ala. 2004). Thus, we conclude that the circuit court erred in reversing the CONRB's decision on the basis that accepting Stone's testimony was reversible error.
After reviewing the administrative record and the contentions raised by WWH on appeal to the circuit court, we conclude *Page 31 
that the CONRB decision was made in compliance with the applicable law, that its decision was not arbitrary or unreasonable, and that the decision was supported by substantial evidence. State Health Planning Dev.Agency v. Baptist Health Sys., Inc., 766 So.2d 176, 178
(Ala.Civ.App. 1999). Therefore, we must conclude that the circuit court erred in reversing the order of the CONRB denying WWH's CON application. That judgment is due to be reversed, and the cause is hereby remanded for the entry of a judgment affirming the CONRB's decision to deny WWH's request for a CON.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.