THOMPSON, Presiding Judge,
dissenting.
I disagree with the main opinion’s narrow reading of § 22-21-268, Ala.Code 1975. That reading appears to limit the granting of an emergency certificate of need (“CON”) for capital expenditures to an “emergency” situation arising from an equipment failure or from equipment damaged in a manmade or natural disaster. However, § 22-21-268 also provides for authorization of “capital expenditures made necessary by unforeseen events which endanger the health and safety of the patients.” The statute states that authorization of capital expenditures may be granted pursuant to an emergency CON application if those expenditures are necessary to “maintain quality care.” Id. In listing examples of situations that qualify for authorization of capital expenditures pursuant to an emergency CON, the statute explicitly states that such expenditures “include, but are not necessarily limited to,” the enumerated examples. Id. I believe that that language gives wide latitude to the Certificate of Need Review Board (“CONRB”) in determining when to authorize capital expenditures pursuant to an emergency CON.
Furthermore, as the main opinion recognizes,
“it is well established that in interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if the interpretation is reasonable. ... Absent a compelling reason not to do so, a court will give great weight to an agency’s interpretations of a statute and will consider them persuasive.”
Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996); see also, e.g., Hulcher v. Taunton, 388 So.2d 1203, 1206 (Ala.1980). “ ‘[A]n agency’s interpretation of its own rule or regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.’ See Sylacauga Health Care Ctr. [, Inc. v. Alabama State Health Planning Agency ], 662 So.2d [265] at 268 [ (Ala.Civ.App.1994) ]; see also Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400, 403 (Ala.Civ.App.1985).” State Health Planning & Dev. Agency v. West Walker Hospice, Inc., 993 So.2d 25, 29 (Ala.Civ.App.2008).
I believe the question whether the rapidly growing population of Shelby County, including the rapidly growing population of people in Shelby County over the age of 65, constitutes an unforeseen event warranting authorization of capital expenditures pursuant to an emergency CON is a decision best left to the CONRB, not this court. When the deference this court must apply to the CONRB’s interpretations of § 22-21-268 and the regulations accompanying that statute are coupled with the wide latitude § 22-21-268 appears to give to the CONRB, I must conclude that the CONRB’s decision to grant the request of STV One Nineteen Senior Living, LLC, d/b/a Somerby at St. Vincent’s One Nineteen, for an emergency CON based on the “current inability to properly care for patients suffering from dementia related conditions” was reasonable. Accordingly, I believe that this court must uphold the CONRB’s decision. Because I would affirm the circuit court’s judgment affirming the CONRB’s decision, I respectfully dissent.