MOORE, Judge.
The Alabama Real Estate Commission (“the commission”) appeals from a judgment entered by the Houston Circuit Court modifying an order entered by the commission. We reverse.

Procedural History

On May 8, 2013, the commission issued a complaint alleging that Steve Hodge (“Steve”) and Hodge & Associates, Inc. (hereinafter referred to collectively as “Hodge”), had violated § 34-27-36(a)(8)b., Ala.Code 1975. On July 19, 2013, an administrative hearing was held. The com *852 mission entered an initial order on July 29, 2013, and, on August 14, 2013, the commission issued an amended order, stating, in pertinent part:
“This Order amends the prior Order signed on the 29th day of July 2013. The amendment includes a fíne in the amount of $2,500 that was part of the Commission’s approved motion during the deliberations in this matter. All other parts of this Order remain the same. “This cause, having been set for hearing before the ... Commission on July 19, 2013, in Montgomery, Alabama, and having been heard, the following findings of fact and conclusions of law are entered by the Commission.
“Findings of Fact
“1. ... Hodge and Associates Inc., was issued a real estate company license on or about February 13, 2007, and its qualifying broker, Steve ..., was issued a real estate broker’s license on or about June 24, 2008, and both have been so licensed at all times pertinent to the matters set out herein.
“2. A Commission staff auditor performed an audit of [Hodge’s] trust accounts. [Hodge] maintained three trust accounts. There was no issue with the sales escrow accounts. The rents paid account had a liability of $6,580.36 with a reconciled bank balance of $801.33. This evidenced a shortage in this account of $5,779.03. The rental security deposit account had a liability of $18,573.00 with a reconciled bank balance of $152.67. This evidenced a shortage in the amount of $18,420.33. During the audit ... Steve ... stated to the auditor that he had some of the trust funds in a money market account. He was asked to provide information about this account.
“3. David Erfman, the Commission’s chief investigator, followed up with [Hodge] requesting information on the claimed money market account. Mr. Erfman was provided with documents showing a deposit of $19,000 into the Regions bank account for security deposit. On further investigation the source of these funds were from a loan from 1st National Bank of Hartford to ... Steve.... The Commission was never shown any document to reflect that [Hodge] had a separate money market account that held trust funds. “Conclusions of Law
“1. It is a violation of § 34-27-36(a)(8)[b.,] Ala.Code [1975,] for ... Hodge and Associates Inc. and Steve ... as real estate licensees to fail to deposit and account for at all times all funds being held for others in a separate federally insured account by having the shortage of funds in the escrow accounts.
“In accordance with the Findings of Fact and Conclusions of Law it is ordered as follows:
“... Hodge and Associates Inc. and Steve ... are found guilty of failing to deposit and account for at all times funds belonging to others by having the shortage of those funds. Hodge and Associates Inc. and Steve[’s] ... real estate licenses are ordered revoked.... Hodge and Associates Inc. and Steve ... may not perform activities for which an Alabama real estate license is required. A fíne in the amount of $2,500 is ordered. This amount shall be paid by certified check payable to the ... Commission, and mailed or delivered to the commission office with a copy of this order within 30 days of the effective date of this Order. This Order is effective 30 days from the date of service on [Hodge].”
That amended order was received by Hodge on August 29, 2013. On September *853 27, 2013, Hodge filed a notice of appeal to the circuit court. After a hearing, the circuit court entered a judgment on May 15, 2015, stating, in pertinent part:
“It is hereby ORDERED, ADJUDGED, and DECREED:
“1) That [Hodge’s] real estate licenses are hereby suspended for a period of two (2) years. However, the suspension on above licenses 'will be held in abeyance and stayed provided that ... Steve ... completes a 60 hour broker’s course as mandated by the ... Commission. [Steve] must complete said course within three (3) months of the date of this Order.
“2) [Hodge is] further ordered to provide monthly accounting reports performed by a licensed Certified Public Accountant (CPA) for a period of twelve (12) months from the date of this Order on [Hodge’s] rental deposit escrow account, [the] sales escrow account, and property management escrow account, and said reports are to be submitted monthly to the ... Commission. Thereafter, for an additional period of twelve (12) months, [Hodge is] to submit their own accounting reports on the same accounts listed above to the ... Commission on a monthly basis.
“3) The Court further orders that [Hodge] be fined the total sum of two thousand five hundred dollars ($2,500.00), and said fine is due and payable directly to the ... Commission within thirty (30) days of the date of this Order.”
On May 29, 2015, the commission filed its notice of appeal to this court.

Discussion

On appeal, the commission argues that the circuit court erred in modifying the commission’s order because, it says, its order was “reasonable, just and supported by substantial evidence.”
Section 41-22-20(k), Ala.Code 1975, a part of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975, which applies both to the circuit court and to this court, provides, in pertinent part:
“[T]he agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court, may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in .view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
*854 “The appellate courts must give the [agency’s] decision a presumption of correctness due to its recognized expertise in a specific, specialized area, and we cannot reverse that decision unless it is shown to be clearly unreasonable or arbitrary.” Hamrick v. Alabama Alcoholic Beverage Control Bd., 628 So.2d 632, 633 (Ala.Civ.App.1993).
Section 34—27—36(a)(8)b., Ala.Code 1976, the Code section that Hodge was charged with violating, provides, in pertinent part:
“The commission shall revoke or suspend the license or impose a fine of not less than one hundred dollars ($100) nor more than two thousand five hundred dollars ($2,500), or both, or reprimand the licensee in each instance in which the licensee is found guilty of any of the following acts set out in this section. The commission may revoke or suspend a license until such time as the licensee has completed an approved continuing education course and/or. made restitution to accounts containing funds to be held for other parties. The commission may also stay the revocation or suspension of a license and require completion of an approved education course and/or the making of restitution to accounts containing funds to be held for other parties. • •
“(8)....
“b. Failing to deposit and account for at all times all funds belonging to, or being held for others, in a separate federally insured account or accounts in a financial institution located in Alabama.”
We initially note that the evidence supports the findings of fact as set forth by the commission in its amended order. Moreover, at the hearing before the commission, Steve admitted that Hodge’s trust accounts had had shortages as shown by the commission. Steve blamed the shortages on Hodge’s employees, a computer program, and his not monitoring the accounts closely enough. He testified that he had not personally benefited from the accounting errors, that none of Hodge’s clients had lost money as a result of the errors, and that he had taken out a loan in order to remedy the shortages in Hodge’s trust accounts.
On appeal to the circuit court, Hodge argued that it should have been given a lesser sanction because, it said, Hodge had not mismanaged the accounts intentionally, because none of Hodge’s clients had lost any money as a result of the shortages, and because the commission had issued lesser sanctions in similar cases. The commission correctly points out, however, that the evidence clearly established that Hodge was in violation of § 34-27-36(a)(8)b. and that that .Code section does not require intentional conduct or proof of any harm in order to constitute a violation.
In Alabama Board of Pharmacy v. Holmes, 925 So.2d 203 (Ala.Civ.App.2005), this court reversed a circuit court’s judgment reducing the punishment handed down by the Board of Pharmacy against Holmes for statutory violations. This court held that, despite the Board of Pharmacy’s having been more lenient in other cases, the board’s punishment in that -case was not arbitrary, capricious, or unreasonable because it was allowed under, the applicable statute. 925 So.2d at, 206-07. Similarly, in the present case, the evidence established a statutory violation for which the commission was allowed to revoke Hodge’s licenses and to levy the $2,500 fine that it imposed. Therefore, we conclude that the commission’s order was not “clearly unreasonable or arbitrary.” Hamrick, 628 So.2d at 633.

Conclusion

Based on the foregoing, we reverse the judgment of the circuit court and remand *855 this cause with instructions to the circuit court to affirm the commission’s order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur. ■ ' •